**Geraldine LAWSON, Plaintiff-Appellee,**

v.

**The LONDON ARTS GROUP (a/k/a London Arts, Inc.), Defendant-Appellant.**

**No. 81–1609.**

United States Court of Appeals, Sixth Circuit.

Argued March 18, 1983.

Decided May 26, 1983.

Carl L. Gromek (argued), Sheldon L. Miller, Detroit, Mich., for defendant-appellant.

Alan M. Greene, Nancy Edmunds (argued), Dykema, Gossett, Spencer, Goodnow & Trigg, Detroit, Mich., for plaintiff-appellee.

Before LIVELY and CONTIE, Circuit Judges, and WEICK, Senior Circuit Judge.

WEICK, Senior Circuit Judge.

London Arts Group (London Arts) appeals from a district court judgment in favor of the plaintiff, Geraldine Lawson, in this action for damages. Jurisdiction was based upon diversity of citizenship. Since the transaction which is the subject matter of this action occurred in Michigan, the law of that state governs. We affirm.

In February 1972, Mrs. Lawson purchased a pastel for $29,000 which London Arts warranted was an original work of Frederick Remington. The written warranty of authenticity, which was signed by the Director of London Arts, stated as follows:

> This is to certify that
>
> An Indian Brave    by Frederick Remington
>
> Drawing done in 1901
>
> purchased by Mrs. Jerry Lawson
>
> from Robert James Price
>
> is an original work as described. Should it prove to be other than described, the seller will refund the purchase price in full. . . .

Mrs. Lawson began to doubt the authenticity of the pastel in 1976. She obtained a tentative expert opinion that the pastel was a copy in 1977 and a firm expert opinion to that effect early in 1979. The complaint was filed on March 19, 1979.

The plaintiff's evidence at trial demonstrated that her pastel was indeed a copy having only decorative value. Expert witnesses testified that the original Remington pastel was worth between $150,000 and $175,000 at the time of trial. The plaintiff also attempted to prove that since London Arts knew or should have known that Mrs. Lawson's pastel was a copy and made no effort to authenticate it, the defendant sold the work in bad faith. London Arts presented no evidence.

▪ The court submitted the case to the jury under Michigan's Warranty in Fine Arts Statute. M.C.L.A. § 442.322(a) provides:

> When an art merchant, in selling or exchanging a work of fine art, furnishes to a buyer of such work who is not an art merchant, a written instrument which, in describing the work, identifies it with any author or authorship, the description shall be presumed to be part of the basis of the bargain and shall create an express warranty of the authenticity of the authorship as of the date of the sale or exchange. The warranty shall not be negated or limited because the art merchant in the written instrument did not use formal words such as "warrant" or "guarantee" or because he did not have a specific intention or authorization to make a warranty or because any statement rele-

vant to authorship is, or purports to be, or is capable of being merely the art merchant's opinion.

In addition, M.C.L.A. § 442.324(3) provides:

An art merchant whose warranty of authenticity of authorship was made in good faith shall not be liable for damages beyond the return of the purchase´ price which he received.

Under this statutory scheme, a buyer of fine art may recover only the purchase price if the merchant warranted authenticity in good faith. If an art merchant makes such a warranty in bad faith, however, the purchaser may be entitled to consequential damages. In answers to special interrogatories, the jury found that this case fit the latter description:

The question is "do you find the Defendant, London Arts, breached a warranty of authenticity of authorship made to Plaintiff in the sale of the pastel." And the response is yes.

Question No. 2. "Do you find that the warranty of authenticity of authorship was made in good faith?" The response is no.

Question No. 3. "What is the dollar amount of damages you find Plaintiff is entitled to recover from the Defendant?" The response is $140 thousand, plus the return of the picture to the Defendant. (Tr III, 467–68).

The evidence introduced at trial adequately supports the jury's conclusions. The only issue meriting detailed discussion is whether the district court correctly ruled that the plaintiff's action was not barred by the statute of limitations.

Though the parties agree that a four-year statute of limitations applies to this case, they disagree about when that period began to run. London Arts contends that since Mrs. Lawson purchased the pastel in February 1972, but did not file suit until March 1979, her action is barred. The plaintiff counters that because she relied upon the defendant's expertise and did not begin to suspect that the pastel was a copy until 1976, her complaint was timely.

The plaintiff relies upon two statutes, the first of which is M.C.L.A. § 440.2725(2):

A cause of action accrues when the breach occurs, regardless of the aggrieved party's lack of knowledge of the breach. A breach of warranty occurs when tender of delivery is made, except that where a warranty explicitly extends to future performance of the goods *and discovery of the breach must await the time of such performance* the cause of action accrues when the breach is or should have been discovered. (Emphasis supplied)

The district court held that because the plaintiff's pastel could only "perform" by being what it was represented to be, *i.e.,* an original Remington, the defendant's warranty extended to future performance. Mrs. Lawson's cause of action therefore accrued not upon tender of delivery in 1972, but only when the breach was discovered (or should have been discovered) in 1976.

We do not agree that section 440.2725(2) supports the plaintiff's position. Assuming without deciding that the defendant's warranty extended to future performance, the statute also requires that discovery of the breach *must* await the time of such performance. This is not the situation here. Although the plaintiff reasonably may not have suspected the breach of warranty until 1976, it would not have been impossible for her to have discovered the breach earlier. Consequently, this discovery did not necessarily have to await the pastel's future "performance."

■ The plaintiff's cause of action was timely, however, under M.C.L.A. § 600.-5833, which provides:

In actions for damages based on breach of a warranty of quality or fitness the claim accrues at the time the breach of the warranty is discovered or reasonably should be discovered.

The defendant's warranty that the pastel was an original art work clearly was a warranty of quality. Thus, the statute of limitations began to run when Mrs. Lawson discovered or should have discovered the breach.

The evidence indicates that when the plaintiff bought the pastel, she was untrained in art and unfamiliar with art history. She had previously purchased other art works from the defendant, but had relied on its representative, Robert Price, in making her selections. In the present case, Mrs. Lawson purchased the pastel in reliance upon the defendant's assurance that the work would be a good investment.

The evidence is uncontroverted that the plaintiff never suspected that the pastel was not authentic until 1976. This was after she had learned through reading about art that many originals are copied by forgers who seek profit or by amateurs who do so for personal enjoyment. In light of both the warranty and the course of dealing between the parties, Mrs. Lawson reasonably did not discover the breach earlier than 1976. Since she filed suit in March, 1979, she complied with the four-year statute of limitations.

We have examined the record for other errors claimed by London Arts and conclude that none exist. In particular, we note that the district court's award of interest from the date of the complaint was mandated by statute. M.C.L.A. § 600.6013. Accordingly, the judgment of the district court is AFFIRMED.